**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENIE ANTHONY WEAVER a/k/a JEROME WEAVER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HENNESSEY / ROSS MIRKARIMI; et al.,<br><br>Defendants.<br>_____/ | No. C 12-895 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

### INTRODUCTION

Greenie Anthony Weaver a/k/a Jerome Weaver, an inmate at the San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915.

### BACKGROUND

This is one of two actions Weaver filed on the same day. The other action, *Weaver v. Hennessey*, No. C 12-896 SI, concerns an alleged overstay at the San Francisco County Jail.

In this complaint, Weaver complains of an assortment of problems at the San Francisco County Jail. He alleges that he is being denied access to the law library, legal materials, and legal supplies; that he is being denied outdoor recreation; that he is being denied adequate ventilation; that he is being denied one hot meal per day without cross-contamination; that the

food is being handled and transported in an unsanitary manner; that he is not receiving proper medical treatment for his broken nose; that his legal mail is not being properly handled; and that phone calls and the commissary are expensive.

**DISCUSSION**

A.   Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Weaver's complaint is too short on details for the court to determine whether any of his constitutional rights may have been violated. He makes sweeping generalizations such as his

contentions that there is "unsanitary" handling and transportation of the food, and that there is not "adequate" ventilation. Docket # 1, p. 3. The complaint also doesn't identify the dates on which any events occurred, who the alleged wrongdoers were, or whether he was actually harmed by any of the events. Weaver must file an amended complaint. His amended complaint must cure the deficiencies addressed below.

First, he must state each claim separately in his amended complaint. For each claim, he must allege the facts showing his entitlement to relief from the defendants. With some effort, Weaver can state his claims for relief such that they will be short and plain statements of each claim, rather than the laundry list of generalized grievances that is in the original complaint. For example, if he claims he received inadequate food, he should allege the date(s) on which he received inadequate food, who caused him to be served inadequate food, and describe how the food was inadequate. By way of further example, if he claims the exercise facilities are inadequate, he could allege the particular details that show that the exercise facilities are inadequate, allege the date(s) on which he was subjected to those inadequate conditions, and allege who caused him to be subjected to the inadequate exercise facilities.

Second, the amended complaint must identify (in each claim) each and every defendant who Weaver proposes to hold liable on that claim. For example, if Weaver wants to claim that he was denied adequate food, he should identify each person who provided the inadequate food or failed to provide the adequate food. Weaver must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Weaver is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th

3

1 Cir. 1989). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d 1040, 1045 (9th Cir. 1989). In his amended complaint, Weaver must allege facts showing a basis for liability for the sheriff or other supervisory personnel he includes as defendants.

Third, the complaint fails to state a claim for denial of access to the courts. A constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. *See id.* at 351. Weaver has not identified any actual injury, as he must to state a claim for a denial of access to the courts based on a denial of assistance and supplies. In his amended complaint, Weaver must cure this pleading deficiency. He also needs to link defendants to this claim, as discussed in the preceding paragraph.

Fourth, the complaint has claims that may not be properly joined under Federal Rule of Civil Procedure 20(a). Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

4

occurrences" and if "any question of law or fact common to all defendants will arise in the action." Weaver's complaint concerns different incidents that may not be connected, although their relatedness (or lack thereof) cannot be determined at this time because of the absence of factual details about the claims and defendants' involvement therein. In his amended complaint, Weaver may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Weaver needs to choose what claims he wants to pursue that meet the joinder requirements.

Fifth, it is unclear from the complaint whether Weaver was a pretrial detainee or a convict at the relevant times. His status affects the constitutional provision under which his claims arise: a pretrial detainee's claims about conditions of confinement arise under the Fourteenth Amendment's Due Process Clause, while a convict's claims arise under the Eighth Amendment's Cruel and Unusual Punishment Clause. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). In his amended complaint, he must state whether he was a pretrial detainee or had been convicted as of the relevant time(s).

B. <u>Miscellaneous Matters</u>

Weaver has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED. (Docket # 2.)

Within six weeks of filing his complaint, Weaver filed a "motion to add following

5

statements of facts" and a "motion to amend defendants and statement of facts." (Docket # 5, # 7.) The motions are DENIED as unnecessary. By this order, the court has dismissed the complaint and given specific instructions for the amended complaint Weaver must file. Those instructions apply to the claims and defendants mentioned in his motions to add and amend.

The two efforts to amend within six weeks of filing the complaint suggest that plaintiff is adding claims as they pop into his head. That is unwise for several reasons. The more claims he adds, the more difficult this case will be for him to litigate. Additionally, the claims and defendants have to be properly joined or they will be dismissed from the action. Finally – although it is not a pleading requirement – a prisoner must exhaust administrative remedies before filing a civil rights action in federal court. *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Adding claims as the events in jail unfold makes it quite likely that Weaver will have exhaustion problems later in this action.

In Weaver's "motion to add following statement of facts" (Docket # 5), he appears to complain about, among other things, the duration of his present incarceration. Habeas is the exclusive remedy for the prisoner who seeks "'immediate or speedier release'" from confinement by challenging the fact or duration of his confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If Weaver wants to challenge the length of his sentence, he may file a federal petition for writ of habeas corpus, but only after exhausting state court remedies for every claim he seeks to present in his federal petition.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **June 29, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will

6

supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

Plaintiff's motions to amend and add facts are DENIED as unnecessary. (Docket # 5, # 7.) Plaintiff filed two actions on the same day. He is cautioned that he should not allege the same claims in this action that he has alleged in the other action.

Plaintiff's request for appointment of counsel is DENIED. (Docket # 2.)

IT IS SO ORDERED.

Dated: May 19, 2012

_____
SUSAN ILLSTON
United States District Judge